# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02567-MSK-KLM

JASON BURGE,

Plaintiffs,

v.

HELMERICH & PAYNE, INC., a Delaware corporation,

HELMERICH & PAYNE INTERNATIONAL DRILLING CO., a Delaware corporation,

OCCIDENTAL OIL AND GAS CORPORATION, a Texas corporation, and

OXY USA WTP, LP, a Delaware limited partnership,

Defendants.

## PROTECTIVE ORDER

*This matter comes before* the Court on Defendants, Helmerich & Payne, Inc. and Helmerich & Payne International Drilling Co. (collectively, the "Helmerich Defendants") Motion for Protective Order. The Court has reviewed the Motion, all Responses and Replies, and the Court file and is fully advised on this matter. The Court finds and holds as follows:

1. The Helmerich Defendants have demonstrated good cause for entry of a Protective Order to protect disclosure of its valuable trade secrets and proprietary business information to the general public and competitors.

2. The Court Orders that disclosure of documents containing the Helmerich Defendants' trade secrets and proprietary business information will be handled as follows:

   a. Documents produced by the Helmerich Defendants, which contain information regarding business practices, policies, procedures, safety and other business operating data, job descriptions, and training materials are to be treated as confidential because they contain or reflect confidential or proprietary business information or trade secrets and shall be appropriately be marked or designated by the producing party as "Confidential."

   b. "Confidential" protected material shall include proprietary and confidential business information not publicly available, the disclosure of which may be reasonably anticipated to cause competitive injury to the Helmerich Defendants, and such information as may be held or maintained by the Helmerich Defendants, in confidence for the benefit of their corporations.

   c. Unless otherwise authorized by the Helmerich Defendants, or ordered by this Court, "Confidential" documents shall not be used for any purpose other than the preparation and trial of this action, and appeals of all or part of this action, and shall not be disclosed to any person, except as is necessary for that purpose.

2

d.  If any transcripts of depositions, answers to interrogatories, motions, briefs or other pleadings to be filed with the Court include all or part of a "Confidential" document, the filing party shall first provide counsel for the Helmerich Defendants' the opportunity to file a Motion to Seal pursuant to Local Rule 7.2 with respect to the "Confidential" document(s). Such pleadings or other papers shall be filed with the Court pursuant to the procedures in Local Rule 7.2 for filing documents under seal.

e.  Counsel are charged with the responsibility of advising their partners, associate attorneys, legal support personnel, and experts or consultants who are participating in the prosecution or defense of this action, and other persons to whom disclosure of any "Confidential" document may be made pursuant to this Order, of the terms of this Order and their obligations, hereunder. Before counsel may disclose any "Confidential" document to persons not counsel or legal support personnel within the firms representing the parties, such recipients shall execute a declaration of the form set forth in the attached Exhibit A.

f.  If any receiving party contends that certain information and documents should not be designated "Confidential" by the producing party, the receiving party disputing such designation shall bring it to the attention of the producing party within thirty (30) days of its production, stating with particularity the reasons for the dispute. Counsel

3

for the producing party and receiving party may present the issue to the Court for resolution either through a motion for protective order, motion to compel, submission of documents for *in camera* review, or similar process contemplated by the Rules of Civil Procedure. No outside disclosures of the disputed "Confidential" documents shall occur until resolution of the dispute by agreement or Court order.

g. Issues regarding use of "Confidential" documents at trial shall be later determined by the Court and included in the parties' Trial Management Order.

h. Upon final determination of this action, including all appeals, Plaintiff's counsel shall return to the Helmerich Defendants' counsel within thirty (30) days any copies, extracts or summaries of any "Confidential" document, or document containing information taken therefrom, but excluding any materials which, in the judgment of counsel, are work product materials. "Confidential" documents which contain work product shall be destroyed by Plaintiff's and co-Defendants' counsel within thirty (30) days of final determination of this action. Within forty-five (45) days of final determination, Plaintiff's and co-Defendants' counsel shall provide the Helmerich Defendants' counsel a document certifying the return or destruction of all "Confidential" documents and any copies, extracts or summaries of "Confidential" documents.

i. Nothing contained in this Order shall affect the right of any party to make objections or other responses permitted by the Rules of Civil Procedure or Rules of Evidence.

DATED this 25th day of May, 2010.

BY THE COURT:

*[signature]*

~~DISTRICT COURT~~ JUDGE
Magistrate